IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| **IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **Master File No. 2:12-MD-02327 MDL 2327** |
| **THIS DOCUMENT RELATES TO:** *Cheryl Berden et al. v. Ethicon, Inc. et al.* Case No. 2:14-cv-21966 | **JOSEPH R. GOODWIN U.S. DISTRICT JUDGE** |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING MERSILENE DISCOVERY

This MDL is in its final stages: The MDL proceeding has closed for the transfer of new cases and almost all existing cases have been named to a Wave or already remanded. Only now—years after this case was filed—do Plaintiffs in the above-captioned case wish to embark on general fact discovery on Mersilene, a product that was not the focus of plaintiffs' prior discovery efforts.

On September 11, 2018, and September 12, 2018, Plaintiffs served two 30(b)(6) notices of deposition regarding Mersilene mesh, noticing the depositions for October 1, 2018, and October 3, 2018, respectively. *See* Dkt. 27, Dkt. 28.[1] On September 16, 2018, Plaintiff served two additional notices to take the depositions of company witnesses Paul Parisi and Axel Arnaud, on October 1, 2018, and October 3, 2018, respectively. *See* Dkt. 30, Dkt. 31.

A protective order is proper pursuant to Federal Rule of Civil Procedure 26(c) regarding these notices and any further fact discovery on Mersilene mesh.

---

[1] These notices were amended on September 17, 2018, to correct the time. *See* Dkt. 32, Dkt. 33.

## PROCEDURAL HISTORY

This case commenced with the filing of a Short Form Complaint on July 10, 2014. [Dkt. 1]. Plaintiffs identified the only product at issue as "Gynecare Mersilene Mesh" by completing the "Other" section on the Short Form Complaint. *Id.*, p. 3. On March 16, 2016, Plaintiffs filed an Amended Short Form Complaint adding C.R. Bard as a co-defendant and identifying a Bard product implanted in addition to Ethicon's Mersilene mesh. [Dkt. 6]. No other substantive filings were entered in this matter until January 30, 2018, when this case was named to Wave 8. [Dkt. 9].

Almost three months after this case was designated to Wave 8, Plaintiffs filed a Motion to Stay Discovery and Motion Practice [Dkt. 10]. In that motion, Plaintiffs requested that "discovery and motion practice be stayed until general liability discovery for Ethicon's Mersilene product, the mesh at issue in this case, can be completed." [Dkt. 10, p. 2]. Alternatively, Plaintiffs requested that their case be removed from Wave 8 or that "the current scheduling order be modified to accommodate general liability and causation discovery on Mersilene." *Id.* With their motion, Plaintiffs submitted a declaration of counsel stating that the plaintiffs' leadership counsel had represented that all products in Wave 8 had been "worked up for liability and general causation" and so Plaintiffs believed that Mersilene general discovery had been completed. [Dkt. 10-1]. Counsel declared that he "contacted Plaintiff's leadership to inquire whether they would be working up the Mersilene product and was informed there was no intention to do so at this time." *Id.* ¶8.

The Court denied Plaintiffs' motion on August 3, 2018, without written opinion [Dkt. 22]. While the motion was pending, Plaintiffs served their expert reports in this case, which included two case-specific reports and a "Supplemental Report of Dr. Vladimir Iakovlev for Issues Related to Mersilene Mesh."

On September 11 and September 12, 2018, Plaintiffs served two Notices of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) to Defendants Ethicon, Inc. and Johnson & Johnson related to Mersilene mesh. *See* Ex. Dkt. 27, Dkt. 28. Counsel amended these notices on September 17, 2018, to correct the time. Dkt. 32, Dkt. 33. On September 16, 2018, Plaintiffs served Notices of Deposition as to company witnesses Paul Parisi and Axel Arnaud. *See* Dkt. 30, Dkt. 31. Defendants now seek a protective order barring these depositions as well as barring any future discovery in this MDL as to the Mersilene device.

## ARGUMENT

**I.     This Court's Wave orders contemplate that general fact discovery is already complete, and the Court has already rejected these Plaintiffs' request for modification of its orders for additional fact discovery.**

General fact discovery in this MDL regarding the products on the Short Form Complaint has been completed. That discovery was ongoing for years, subject to regular discovery conferences and oversight by Magistrate Judge Eifert. Consequently, the Docket Control Orders entered in each wave in this MDL appear to contemplate that general fact discovery regarding the products had already been completed. This is evidenced by the fact that the Docket Control Orders provide for the conduct of general and case-specific expert discovery—which typically occurs after general fact discovery has been done. *See, e.g.*, PTO 303, Amended Docket Control Order -- Ethicon, Inc. Wave 8 Cases. At a minimum, these Orders certainly do not contemplate the initiation of discovery anew as to new products.

Plaintiffs have known since the filing of their Complaint more than four years ago that this case involved Mersilene mesh. Mersilene did not appear on the general Short Form Complaint. Instead, Plaintiffs wrote Mersilene in on the lines below "Other" on their Short Form Complaint filed in 2014. [Dkt. 1, p. 3]. It was the duty of Plaintiffs' counsel to ensure that their

case was fully "worked up."[2]  As PTO #4 makes clear, "[a]ll attorneys representing parties in this litigation, regardless of their role in the management structure of the litigation . . . continue to bear responsibility to represent their individual client or clients."  PTO#4, p. 10.

Plaintiffs in this case previously asked the Court for modification of the Wave 8 Docket Control Order in order to pursue general fact discovery on Mersilene, and the Court summarily denied that request.  [Dkt. 10, Dkt. 22].  The Court should stand by that order and enter a protective order prohibiting any further discovery in this MDL on Mersilene.

## II. Plaintiffs' request is procedurally improper and would undermine the finality of this MDL.

Plaintiffs' request is also procedurally proper under the procedures in place in this MDL.

Under PTO #1, it is the Plaintiffs' Steering Committee ("PSC")—not individual counsel in individual cases—that initiates general discovery requests.  *See* PTO 1, pp. 9-10.  If an individual attorney wishes to make a discovery request, such requests "may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims."  *Id.*  This procedure has been in place for years and has worked for years.  It would undermine the organization of the MDL to now permit individual attorneys to seek 30(b)(6) general discovery separate from the efforts of the PSC.

Further, even if these requests had been properly made through the PSC, it is not appropriate to now begin general discovery on an entirely new product.  The MDL is now closed for transfers and cases have been named to the final Waves.  It would unjustly delay the finality

---

[2] As explained in Defendants' Opposition to Plaintiffs' Motion to Stay Discovery and Motion Practice [Dkt. 11], some discovery was taken as to Mersilene, even though it was not the focus of Plaintiffs' efforts.

of this MDL for dilatory plaintiffs to now be permitted to embark on new discovery that they could have sought years ago.

## CONCLUSION

For these reasons, Defendants' Motion for Protective Order should be granted. Defendants request any other relief to which they may be entitled.

>Respectfully submitted,
>
>/s/ *William M. Gage*
>William M. Gage (MS Bar #8691)
>Butler Snow LLP
>1020 Highland Colony Parkway
>Suite 1400 (39157)
>P.O. Box 6010
>Ridgeland, MS 39158-6010
>(601) 985-4561
>william.gage@butlersnow.com
>
>/s/ *Susan M. Robinson*
>Susan M. Robinson (W. Va. Bar #5169)
>Thomas Combs & Spann PLLC
>300 Summers Street
>Suite 1380 (25301)
>P.O. Box 3824
>Charleston, WV 24338
>(304) 414-1800
>srobinson@tcspllc.com
>
>COUNSEL FOR DEFENDANTS
>ETHICON, INC. AND JOHNSON & JOHNSON

## **CERTIFICATE OF SERVICE**

I certify that on this date I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

*/s/ William M. Gage*
William M. Gage

44176876.v1