# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>Cheryl Berden et al. v. Ethicon, Inc., et al.<br><br>Case No. 2:14-cv-21966 | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br><br>Joseph R. Goodwin<br>U.S. District Judge |
|---|---|

**Plaintiffs' Opposition to Defendants' Motion For
Protective Order Regarding Mersilene Fact Discovery**

## I.    Introduction

Defendants Ethicon, Inc. and Johnson & Johnson move for a protective order to prohibit "any further fact discovery on Mersilene mesh." Dkt. No. 35 at 1; No. 36; No. 37; No. 39; No. 40; No. 41. According to Defendants, because "[t]his MDL is in its final stages" and "almost all existing cases have been named to a Wave or already remanded" general fact discovery is closed. Dkt. No. 35 at 1. Other than this general observation as to the status of this MDL, Defendants cite no Court order or any other evidence that general fact discovery has **closed** in the *Ethicon* litigation. General fact discovery continues in other MDLs, which have significantly fewer active cases than MDL 2327 and fewer mesh products at issue. As there is no Court order closing general fact discovery, there is no basis to grant Defendants' request for a protective order. Plaintiffs in this case, along with the other plaintiffs with pending Mersilene cases, should not be denied the opportunity, as Defendants would have it, to conduct general fact discovery, especially the noticed depositions.

Good cause does not exist for issuance of a protective order. So far Mersilene has not been the focus of any general liability or causation discovery. On several occasions Plaintiffs' counsel has asked MDL leadership about the status of Mersilene discovery, offered to assist in the work-up of the product, and after discovering the product had not yet been worked up brought the issue to the Court's attention. Declaration of Chris Cantrell in Support of Opposition to Protective Order ("Cantrell Decl.") ¶ 7. Under similar circumstances, the Court granted in the *Bard* Wave 6 and 7 pool a motion to stay Ajust and Alyte cases "until the parties [were] allowed sufficient time to conduct general discovery on the Ajust and Alyte products." *In re C.R. Bard*, *Inc. Pelvic Repair Sys. Prod. Liability Litig*., MDL No. 2187, D.E. # 5143 at 1-2. Based on the Court's actions

regarding the Ajust and Alyte cases, Plaintiffs' filed a similar motion requesting the same relief, which the Court denied without written opinion. Dkt. No. 22. And since the Court's ruling on the Bard Ajust and Alyte cases, the Court has taken into account the lack of general liability discovery concerning Coloplast and Mentor when determining how the cases in the *Coloplast* MDL should be treated.

Even without the benefit of Mersilene fact discovery, save some inadvertent document production, Plaintiffs have still complied with and met all Wave 8 obligations and deadlines in this case. Although, neither PTO #280 or #293, reference or seem to contemplate general fact discovery in Wave 8 due to the discovery limitations, Plaintiffs' counsel was unsure if the Court expected the Parties to complete general fact discovery under the auspices of the Wave 8 Pretrial Orders. Cantrell Decl. ¶ 9. When asked via letter whether general liability discovery of the Mersilene product was precluded under Pretrial Order Nos. 280 and 293, Defendants refused to take a position. Cantrell Decl. ¶ 9. Plaintiffs then served four deposition notices concerning Mersilene mesh and seeking general fact discovery, which Defendants now seek to quash with a protective order based in large part on the contention that the Wave 8 Pretrial Orders neither contemplate nor allow for general fact discovery. Dkt. No. 35. Defendants, however, cite no specific language from either Wave 8 Order to support their assertion.[1]

Despite Plaintiffs' good faith efforts to obtain general liability discovery on the Mersilene mesh product—from both the Plaintiff Steering Committee and from Defendants—Mersilene has not yet been worked up in this MDL. Cantrell Decl. ¶¶ 4-7, 10. Without the benefit of general fact discovery on the Mersilene mesh product,

---

[1] Only eight days prior to Defendants' Motion, Defendants' refused to take a position on general fact discovery despite Plaintiffs' request. It appears Defendants have now crystalized their position through the filing of the Motion for Protective Order. *See* Cantrell Decl. ¶ ___

Plaintiffs Cheryl and Mark Berden will be unfairly prejudiced in the prosecution of their claims, especially considering Defendant already have access to their own Mersilene records and employees who know about the Mersilene product. Fairness dictates that Plaintiffs should not be forced to litigate their Mersilene claims to trial until general fact discovery is undertaken and completed. Defendants should be ordered to comply with the noticed depositions.

## II.    Argument

### A.    Defendants Fail to Meet their Heavy Burden for the Issuance of a Protective Order to Prevent the Noticed Depositions

Protective orders should be "sparingly used and cautiously granted." *In re American Med. Sys., Inc. Litig.*, 2016 WL 4411506, at *3 (S.D. W. Va. Aug. 17, 2016). A "court's customary reluctance to constrain discovery is heightened in the case of a motion to prevent the taking of a deposition," which is the discovery at issue here. *See id.* As a consequence, Defendants' "burden to show good cause for an order prohibiting the taking of a deposition is especially heavy." *See id.* As shown below, Defendants fail to meet their "especially heavy" burden.

### B.    General Fact Discovery Is Not Closed

Defendants contend "[g]eneral fact discovery in this MDL regarding the products on the Short Form Complaint has been completed." Dkt. No. 35 at 3. Defendants, however, cite no Court order or any evidence to show general fact discovery has closed in the *Ethicon* litigation. Instead Defendants surmise that the Pretrial Orders for Wave 8 "appear to contemplate" that general fact discovery has been completed. *Id.* In other words, because the Pretrial Orders do not specifically discuss general fact discovery, the Court must be saying, in Defendants' view, that general Mersilene must be completed

4

and closed. Assumptions are not evidence, and Defendants fail to explain how their conjecture can be reconciled with the fact the language in Pretrial Order Nos. 280 and 293 contain essentially the same language the Court has used in all prior Wave Docket Control Orders. Although these prior Pretrial Orders included no reference to general fact discovery, it is clear that general fact discovery on Ethicon products occurred and Defendants made no argument such discovery was closed, as they do here. Without the existence of a Court Order closing general fact discovery, Defendants' request for a protective order should be denied.

Defendants' argument for denying liability discovery to Plaintiffs, moreover, is disingenuous given the defense has raised no objections so far about the process undertaken to complete liability discovery for the more than dozen products at issue in the *Ethicon* MDL. In this case, Plaintiffs' leadership has performed general fact discovery on the most numerous Ethicon products first and then moved onto discovery on the less numerous products later. This is simple prioritizing, which is essential for an MDL with tens of thousand of cases arising from injuries from more than a dozen of Defendants' products. So the fact there is a product, Mersilene, that has not yet undergone general fact discovery is not surprising. Nor is it unique to the *Ethicon* MDL. This very same issue exists in the *Bard* MDL, which commenced two years before this litigation, with the Ajust and Alyte products.

Nor have Defendants ever asserted the Mersilene cases do not belong in this MDL by requesting the Court carve out and remand or transfer these cases. Plaintiffs' counsel is unaware of any defense motion—until this one—asserting the Mersilene product should be treated any differently than the other Ethicon products in this MDL. To do so would raise questions about Defendants representations to the FDA in using

Mersilene as the predicate device for many of the transvaginal mesh products in this MDL. *See, e.g.*, Prolene Soft Polypropylene Mesh (K001122); Gynemesh Prolene SoftMesh (K013718). Cantrell Decl. ¶ 3. Either Mersilene is "substantially equivalent" to these products so that it can serve as the predicate device as Defendants represented to the FDA or it isn't.

The fact that Mersilene mesh is often implanted abdominally or laparoscopically does not render the product outside the MDL's scope. Many other products that are implanted abdominally or laparoscopically are being prosecuted in this MDL and the other mesh MDLs. Cantrell Decl. ¶ 11-12. To the best of our knowledge, Defendants have not sought to remove those from MDL 2327. And as the *Ethicon* MDL has progressed, it is the characteristics of the mesh (pore size, weight, mono- or multi-filament) and not the mode of implantation (transvaginal, transabdominal or laparoscopic) that seems to be of greater importance to the performance and safety profile of the mesh. It's no wonder Defendants have settled Mersilene cases in this MDL, and those cases have been subject to the 5% MDL assessment. Cantrell Decl. ¶ 11.

Recently, the Plaintiff Steering Committee has served several general discovery deposition notices in MDL 2327. *See, e.g., In re Ethicon, Inc.*, MDL 2327, D.E. #6688, 6720. These depositions are not case specific but instead are noted to be taken on behalf of all Plaintiffs in MDL 2327 and relate to a range of Ethicon products (Prolift, TVT, TVT-O). Defendants have made no objection to these depositions so far. Nor have Defendants moved for a protective order regarding these depositions, which only underscores the lack of merit in their Motion for Protective Order here. Substantial discovery is ongoing in MDL 2327, both general and case specific. Plaintiffs should not be denied discovery on Mersilene.

In sum, Defendants can cite not a single Order from this Court to show liability discovery has been closed. Actions in this case and other Ethicon cases show general discovery is still ongoing in this MDL. Defendants have adduced no facts to support their naked assertion that general fact discovery is somehow "closed" in MDL 2327.

### C. Plaintiffs' Counsel Acted Diligently and in Good Faith Concerning General Fact Discovery on Mersilene

Defendants allege it "was the duty of Plaintiffs' counsel to ensure that their case was fully 'worked up.'" Dkt. No. 35 at 3-4. Pretrial Order # 1, however, seems to prohibit individual plaintiffs' counsel from conducting this type general fact discovery. The very purpose of an MDL would be undermined if individual counsel could undertake their own general liability discovery. For this reason, Pretrial Order # 1 places the duty of conducting general liability discovery on the Plaintiff Steering Committee.

Moreover counsel for Plaintiffs understood until recently that Mersilene fact discovery had been worked up by the Plaintiffs Steering Committee or was in the process of being worked up. Cantrell Decl. ¶¶ 5-6. During a conference call with PSC leadership a few weeks after the Wave 8 order was issued, leadership stated that all products in Wave 8 had been worked up for liability and general causation. *Id.* Only much later, after gaining access to the expert reports for Wave 8, did Plaintiffs' counsel learn Mersilene had not been worked up as previously represented. *Id.* It appears leadership had confused Mersilene with another product, and simply misspoke when initially indicating this product had been worked up. Cantrell Decl. ¶ 6. At this point, counsel for Plaintiffs Mark and Cheryl Berden filed the Motion Requesting Mersilene cases be removed from Wave 8, which was denied without opinion. Dkt. Nos. 10, 22.

In an earlier wave, Plaintiffs' counsel had an opportunity to discuss Mersilene general discovery with the Plaintiff Steering Committee after another Mersilene case was added to an earlier Ethicon Wave. Cantrell Decl. ¶ 10. After that case was removed from the Wave, we spoke to leadership and offered to assist in working up general Mersilene discovery in any way needed. *Id.* At that time, the PSC was still working up other products and had not conducted Mersilene discovery. *Id.* We offered to assist in working up Mersilene when that time came. *Id.*

As general fact discovery has not closed, the Court should allow Plaintiffs' counsel and/or the PSC to conduct general fact discovery on Mersilene.

### D.   Other Facts Show the Absence of Good Cause for a Protective Order

Plaintiffs' counsel has followed the Court's protocol from Pretrial Order #1 and previously requested the Plaintiff Steering Committee conduct general fact discovery on Mersilene mesh. At least in part due to reasons stated herein and perhaps additional reasons unknown to Plaintiffs' counsel, discovery never occurred. Upon learning of this oversight, Plaintiffs' counsel asked the Court to stay this case or remove this case from Wave 8 so that general fact discovery could be completed. Dkt. No. 10. Although the Court denied Plaintiffs request, it never stated that no general liability discovery could be taken in this case. Dkt. No. 22. Instead it is the defense that has sought to preclude discovery in this case.

At least fourteen different mesh and sling products are at issue in MDL 2327. Such a large number of products made it impossible for a general liability workup of all products to proceed simultaneously. This is true of other mesh MDLs as well. Indeed the Court's recent Order staying discovery and motion practice for Ajust and Alyte

plaintiffs shows the same type of sequential general liability workup occurred in the *Bard* MDL. *See C.R. Bard* Pretrial Order #276 at 2. While there are other Mersilene cases in this MDL, the numbers are significantly lower than most of the other Ethicon mesh products. As one would expect, the more common products were worked up first. Defendants' tardiness criticism (Dkt. No. 35), is simply unfounded and contrary to the course of this litigation, the Court's Orders regarding general liability discovery, and Plaintiffs' actions in the case. *See*, *e.g.*, kt. No 10. These facts also show Defendants cannot meet their heavy burden to show good cause for a protective order. Plaintiffs' counsel and/or the Plaintiff Steering Committee should be permitted to conduct general fact discovery on Mersilene mesh.

**E.    Ethicon Will Not Be Prejudiced by General Fact Discovery on Mersilene Mesh**

Defendants will not be prejudiced by having to engage in general fact discovery over their Mersilene mesh product. There are still a significant number of unsettled mesh cases that are not part of any current wave order meaning at least one more Wave Order is to come. Defendants have known that dozens, if not hundreds, of Mersilene cases were filed in this MDL. Mersilene is a product developed by Ethicon that has been frequently used to treat both pelvic organ prolapse and stress urinary incontinence and it was used as the predicate device for other POP products in this MDL. Therefore, Ethicon can claim no prejudice from allowing Mersilene general fact discovery to proceed.

Contrary to Defendants' contention that this MDL is in its "final stages," much work still remains to be done. Just recently Defendants were served with general fact discovery demands and requests concerning other products in this litigation. For

instance, Dkt. Nos. 6688 and 6720. Defendants have not moved for a protective order in these instances, nor have they made blanket claims of general discovery being closed in this MDL.

## IV.    Conclusion

For the above reasons, Defendants' Motion for Protective Order should be denied.

Date: October 2, 2018                                Respectfully Submitted,


/s/     Chris Cantrell

DOYLE LOWTHER LLP
Chris W. Cantrell (SBN 290874)
William J. Doyle (SBN 188069)
John A. Lowther (SBN 207000)
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax
email:
    ccantrell@doylelowther.com
    bill@doylelowther.com
    john@doylelowther.com

*Attorneys for Plaintiffs*

**Certificate Of Service**

I hereby certify on October 2, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

Respectfully Submitted,

/s/     Chris Cantrell

DOYLE LOWTHER LLP

Chris Cantrell, Esq.